UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LESLIE MAIZE,

                              Plaintiff,                      **ORDER**
                                                                         CV 05-4920 (JS)(ARL)

        -against-

SHERIFF EDWARD C. REILLY, et al.,

                              Defendants.
----------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the defendants' application for an extension of the discovery deadline or an opportunity to file a motion to dismiss for failure to prosecute. The plaintiff has failed to respond to the defendants' application. For the reasons set forth below, the defendants' motion is granted to the extent it seeks an extension of the discovery deadlines.

      By order dated April 7, 2006, the plaintiff was directed to serve the defendants with a written narrative setting forth the facts he anticipates presenting at trial through the testimony of witnesses or documentary evidence by June 24, 2006. The plaintiff failed to do so. Despite the plaintiff's failure, the defendants served their narrative statement on the plaintiff on July 6, 2006. The April 7th order also established October 6, 2006 as the deadline for all discovery. However, because of the plaintiff's failure to comply with the order, the defendants have been unable to complete discovery.

      Because of his pro se status, the court will provide the plaintiff with another opportunity to prepare a written narrative statement. The statement must include a list of all of the exhibits the plaintiff anticipates introducing into evidence at trial and a list of the names and addresses of all witnesses the plaintiff presently intends to call. The plaintiff shall also include a written

summary of the anticipated testimony of each witness.  The plaintiff is directed to send a copy of the narrative statement to counsel for the defendants and to file a copy with the court by November 10, 2006.

By December 8, 2006, the defendants shall then serve and file a revised written narrative of the facts which the defendants anticipate presenting at trial through the testimony of witnesses or documentary evidence.  The parties shall then initiate whatever discovery is deemed necessary for this proceeding by serving interrogatories and/or document demands pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure.  All discovery in this action shall be completed by February 23, 2007.

By March 9, 2007, the plaintiff shall submit a revised narrative statement, exhibit list, witness list, and summary of each witness's testimony.  It is expected that this final written presentation will accurately reflect the facts which plaintiff will establish at trial and accurately recite all exhibits plaintiff will introduce and all witnesses you will call, including the substance of each witness's testimony.  Any evidence not fully and accurately disclosed in this final pretrial narrative statement and list of documents and witnesses will be excluded at the trial.  Any party planning on making a dispositive motion shall take the first step in the motion process by March 23, 2007. The defendants are directed to submit the customary pretrial order required by the assigned District Judge to the undersigned by April 6, 2007.  The case will be marked ready for trial following the filing of the pretrial order.

The plaintiff is warned that if he fails to comply with this order, the court will, upon motion of the defendants, recommend to the district judge that the case be dismissed for failure to prosecute.  See Fed. R. Civ. P. 41(b).  Rule 41(b) gives the district court power to dismiss a complaint "for failure to comply with a court order, treating noncompliance as a failure to

prosecute." *Simmons v. Abruzzo,* 49 F.3d 83, 87 (2d Cir. 1995). It is well settled that a dismissal under Rule 41(b) "operates as an adjudication on the merits and that such a dismissal is with prejudice." *Hoffman v. Wisner Classic Mfg. CO.,* 927 F. Supp. 67, 71 (E.D.N.Y. 1996) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-32 (1962)).

Dated: Central Islip, New York
       October 12, 2006

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge