```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
LESLIE MAIZE,

                    Plaintiff,

        -against-                      MEMORANDUM & ORDER
                                       05-CV-4920(JS)(ARL)
SHERIFF EDWARD C. REILLY,
NASSAU HEALTH CARE CORPORATION,
and JANE DOE,

                    Defendants.
----------------------------------x
APPEARANCES:
For Plaintiff:           Leslie Maize, Pro Se
                         05B0900
                         Sing Sing Correctional Facility
                         354 Hunter Street
                         Ossining, New York 10562

For Defendants:          Alexander V. Sansone, Esq.
                         Troy & Troy
                         382 Rosevale Avenue
                         Lake Ronkonkoma, New York 11779
```

SEYBERT, District Judge:

Plaintiff Leslie Maize filed a Complaint on October 11, 2005 alleging a violation of 42 U.S.C. § 1983. Plaintiff maintains that he has glaucoma and that officials at the Nassau County Correctional Center delayed for two weeks in obtaining eye drops for Plaintiff. Plaintiff further alleges that he informed Defendants of his eye condition, but Defendants denied Plaintiff medical attention and delayed for approximately three months in sending Plaintiff to an eye doctor. As a result, Plaintiff has allegedly suffered irreparable damage to his eyesight.

On October 25, 2006, this Court granted Plaintiff's motion for appointment of counsel. However, on July 17, 2007,

after several unsuccessful attempts at locating counsel, the Court held that counsel would not be appointed from the Eastern District Civil Pro Bono Panel to represent Plaintiff. On September 1, 2009, Magistrate Judge Arlene R. Lindsay held a conference in this matter and recommended that this Court renew its attempts to locate counsel for Plaintiff. The Court agrees.

Pursuant to 28 U.S.C. § 1915(e)(1), courts may "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Court has broad discretion in determining whether appointment of counsel is appropriate. Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1341 (2d Cir. 1994). The threshold question is "whether the litigant is able to afford or otherwise obtain counsel." Id. Once the Court determines that the litigant cannot afford or otherwise obtain counsel, the only constraint on a court's determination to appoint counsel is that "it be 'guided by sound legal principle.'" Cooper v. A. Sargenti Co., 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting Jenkins v. Chem. Bank, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the guiding legal principles in Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986).

In assessing whether appointment of counsel is appropriate, the Court considers "whether the indigent's position seems likely to be of substance." Id. at 61. In other words, the Court evaluates whether "the indigent appears to have some chance

of success." Id. at 60—61; see Rissman v. City of New York, 01-CV-6284, 2002 WL 31499003, at *2 (S.D.N.Y. Nov. 8, 2002). If the indigent's claims pass this inquiry, the Court considers a number of factors, including "the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of legal issues . . ." implicated, or any other circumstance which would render appointment appropriate. Hodge, 802 F.2d at 61-62. The Second Circuit has explained that these factors are not restrictive, and that "[e]ach case must be decided on its own facts." Id. at 61.

Here, Plaintiff demonstrates that he cannot afford counsel, and has satisfied Hodge's threshold showing of potential merit. Accordingly, the Court reinstates its earlier Order appointing counsel, and directs the Pro Se Office to request pro bono counsel for Plaintiff from the Court's Pro Bono Panel. The Plaintiff is advised that, until counsel is appointed, he continues pro se.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September  24 , 2009
       Central Islip, New York

3