UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
LESLIE MAIZE,

                            Plaintiff,                                    ORDER

   -against-                                                             CV 05-4920 (ETB)

NASSAU HEALTH CARE CORPORATION,

                            Defendant.
-------------------------------------------------------------------------X

Before the Court is the plaintiff's motion in limine seeking to exclude his prior criminal convictions from being admitted into evidence during this civil trial, in which plaintiff alleges that defendant was deliberately indifferent to his medical needs, in violation of his civil rights. For the following reasons, plaintiff's motion is granted in part and denied in part.

I.      Legal Standard

Rule 609 of the Federal Rules of Evidence governs the admissibility of criminal convictions for impeachment purposes in civil actions. Daniels v. Loizzo, 986 F. Supp. 245, 249 (S.D.N.Y. 1997) (citing 4 Weinstein's Federal Evidence, § 609.04[3][a], at 609-36 (1997)). Pursuant to the Rule, there are two ways in which such evidence may be admitted. First, under Rule 609(a)(1), evidence of prior criminal convictions may be introduced to impeach a witness where the conviction was for a crime "punishable by [death or] imprisonment in excess of one year." Daniels, 986 F. Supp. at 249 (citing Fed. R. Evid. 609(a)(1)). However, such evidence is subject to the balancing test set forth in Federal Rule of Evidence 403, which "provides for the exclusion of relevant evidence if its probative value is 'substantially outweighed' by the danger

of unfair prejudice, confusion, or waste of time." Daniels, 986 F. Supp. at 248 n.4 (citing Fed. R. Evid. 403).

Second, "evidence that a witness has been convicted of a crime involving 'dishonesty or false statement'[1] must be admitted regardless of the severity of the punishment or any resulting prejudice." Daniels, 986 F. Supp. at 249 (citing Fed. R. Evid. 609(a)(2)). "Because this rule is quite inflexible . . . it was inevitable that Congress would define narrowly the words 'dishonesty or false statement,' which, taken at their broadest, involve activities that are part of nearly all crimes." United States v. Hayes, 553 F.2d 824, 827 (2d Cir. 1977). As a result, "Congress emphasized that the second prong [of Rule 609(a)] was meant to refer to convictions 'peculiarly probative of credibility,' such as those for 'perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.'" Id. (quoting Conf. Rep. No. 93-1597, 93d Cong., 2d Sess. 9, reprinted in [1974] U.S. Code Cong. & Ad. News 7098, 7103); see also United States v. Estrada, 430 F.3d 606, 616 n.3 (2d Cir. 2005) (same).

However, Rule 609(b) contains a time limitation on the admissibility of prior criminal convictions for impeachment purposes. Specifically, "[c]riminal convictions more than ten years old are not admissible for impeachment unless the court determines that, in the interest of justice, the probative value of the conviction substantially outweighs its prejudicial effect." Daniels, 986 F. Supp. at 249 (citing Fed. R. Evid. 609(b)). In order to admit a conviction under Rule 609(b),

---

[1] The Federal Rules of Evidence were recently amended in December 2011. The new language of Rule 609(a)(2) requires the admission of prior convictions involving "a dishonest act or false statement," but makes no substantive changes to the Rule.

the court must make an "on-the-record determination supported by specific facts and circumstances that the probative value of the evidence substantially outweighs its prejudicial effect." United States v. Mahler, 579 F.2d 730, 736 (2d Cir. 1978).

II.  Plaintiff's 2010 Burglary Conviction

Plaintiff was convicted of first-degree burglary in Maryland in 2010 and sentenced to twenty years in prison. The Second Circuit has stated that "crimes of stealth, such as burglary . . . do not come within [Rule 609(a)(2)]," and are therefore not automatically admissible as crimes of dishonesty or false statement. Hayes, 553 F.2d at 827. "While much successful crime involves some quantum of stealth, all such conduct does not, as a result, constitute crime of dishonesty or false statement for purposes of Rule 609(a)(2)." Estrada, 430 F.3d at 614 (citing cases). Rather, "the use of the second prong of Rule 609(a) is . . . restricted to convictions that bear directly on the likelihood that the defendant will testify truthfully (and not merely on whether he has a propensity to commit crimes)." Hayes, 553 F.2d at 827 (emphasis in original).

The burglary conviction may, however, still be admissible under Rule 609(a)(1). The conviction is "therefore subject to the Rule 403 balancing test imposed by Rule 609(a)(1)." Daniels, 986 F. Supp. at 250. "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully." Estrada, 430 F.3d at 617 (citation omitted). Accordingly, in balancing the probative value of a prior conviction against its prejudicial effect under Rule 609(a)(1), courts examine the following factors: (1) the impeachment value of the prior conviction; (2) the remoteness of the prior conviction; (3) the similarity between the prior conviction and the conduct at issue; and (4) the importance of the

credibility of the witness. See Daniels, 986 F. Supp. at 250 (citing Hayes, 553 F.2d at 828) (additional citation omitted).

With respect to the first factor, the impeachment value, although the crime of burglary is not automatically admissible, as discussed above, the Second Circuit has noted that "theft" crimes, as well as "crimes that involve evasions of responsibility or abuse of trust," rank "high on the scale of probative worth on credibility." Estrada, 430 F.3d at 618. Therefore, the impeachment value of the prior conviction weighs in favor of the introduction of such evidence. Second, the prior conviction occurred in 2010. "The age of the conviction . . . is not so remote as to diminish its probative value." Daniels, 986 F. Supp. at 250 (citing United States v. Palumbo, 401 F.2d 270 (2d Cir. 1968)). The third factor, the dissimilarity of the prior conviction and the conduct at issue, also weighs in favor of admitting the evidence. The crime plaintiff was convicted of - burglary - bears no relation to the deliberate medical indifference claim at issue in this trial. Finally, the fourth factor, plaintiff's credibility, also weighs in favor of the introduction of the evidence. Plaintiff and the defendant will likely testify to divergent versions of what occurred during the period of plaintiff's confinement at issue herein. "Faced with these conflicting stories, the jury's central task will be to determine who is telling the truth." Id. at 251. Plaintiff's "credibility on the stand is therefore of decisive importance." Daniels, 986 F. Supp. at 251 (citation omitted). Accordingly, the 2010 first-degree burglary conviction is admitted for purposes of impeachment.

III.   Plaintiff's Rape Convictions

Plaintiff has two prior convictions for first-degree rape - the first, in 2005, for which he

received a sentence of six to twelve years and the second, in 2010, for which he was sentenced to life in prison. Plaintiff seeks to exclude both of these prior convictions from evidence.

"Rape does not involve dishonesty or false statements and therefore [Rule] 609(a)(1) applies." Johnson v. Howard, No. 1:96-CV-662, 1999 U.S. Dist. LEXIS 15704, at *4 (W.D. Mich. Oct. 4, 1999). Accordingly, plaintiff's prior rape convictions are only admissible subject to the Rule 403 balancing test. See id.; see also Sedney v. Blot, No. 00 Civ. 1302, 2003 U.S. Dist. LEXIS 21364, at *3 (S.D.N.Y. Dec. 1, 2003) (noting that admission of plaintiff's prior convictions for rape and murder "must be pursuant to Rule 609(a)(1), which make[s] such admission subject to Rule 403").

As the Seventh Circuit has noted, "a conviction for rape [is] not highly probative of credibility." Christmas v. Sanders, 759 F. 2d 1284, 1292 (7th Cir. 1985) (citing Saltzberg and Redden, Federal Rules of Evidence Manual, at 373 (1982) and (1984 Supp.), which notes that sex crimes are "low on the list of crimes relating to veracity"). "Just as mundane misconduct may be telling of a witness's character for truthfulness, the loathesomeness of prior misconduct does not necessarily bear on the perpetrator's capacity for truth-telling." United States v. Devery, 935 F. Supp. 393, 408 (S.D.N.Y. 1996) (excluding cross-examination into a witness's prior arrest for rape).

Applying the balancing test set forth in Rule 403, the Court finds that the "prejudice of the evidence substantially outweighs its probative value" and that the two prior rape convictions are therefore excluded pursuant to Rule 403. Johnson, 1999 U.S. Dist. LEXIS 15704, at *4 (excluding prior rape conviction due to risk of prejudice); see also Sedney, 2003 U.S. Dist. LEXIS 21364, at *3-4 (precluding defendants from introducing evidence of plaintiff's prior rape

conviction on the grounds that the "probative value of the details of Plaintiff's prior convictions is substantially outweighed with respect to the issue of credibility by the potential for unfair prejudice to Plaintiff arising from jury attention to the details of his criminal history"); Arnold v. County of Nassau, 89 F. Supp. 2d 285, 308 n.9 (E.D.N.Y. 2000) (noting that the court had "allowed the jury to be told that [plaintiff] was a convicted felon . . . but ruled that knowledge that the conviction was for rape would be prejudicial under Fed. R. Evid. 403"), vacated and remanded on other grounds, 252 F.3d 599 (2d Cir. 2001). Permitting introduction of plaintiff's prior rape convictions has the possibility of "inflam[ing] the jurors' prejudice against him, their . . . emotional response to an event otherwise factually unconnected to his testimony or the facts of the case eclipsing whatever veracity he may otherwise have had in their eyes." Devery, 935 F. Supp. at 408 (citation omitted).

Accordingly, plaintiff's motion to exclude his two prior rape convictions from evidence is granted.

IV. Plaintiff's Convictions That are More Than Ten Years Old

Plaintiff's prior felony convictions also include the following, all of which are more than ten years old: (1) a 1968 conviction for third-degree burglary; (2) a 1976 conviction for attempted third-degree burglary; (3) a 1977 conviction for third-degree burglary and bail-jumping; (4) a 1980 conviction for second-degree burglary; and (5) 1994 convictions for second and third-degree criminal possession of a weapon, second-degree assault, fourth-degree criminal possession of stolen property and obstruction of government administration.

As stated above, Rule 609(b) excludes admission "if more than 10 years have passed

since the . . . conviction or release from confinement for it, whichever is later." Fed. R. Evid. 609(b). Pursuant to this rule, none of the foregoing convictions are admissible.[2] While such convictions may be admitted "in the interests of justice," id., the Second Circuit "has recognized that Congress intended that convictions more than ten years old be admitted 'very rarely and only in exceptional circumstances.'" Daniels, 985 F. Supp. at 252 (quoting Zinman v. Black & Decker, Inc., 983 F.2d 431, 434 (2d Cir. 1993)). The Court does not find that any of the foregoing convictions present the "exceptional circumstances" to justify admitting them.

Accordingly, plaintiff's motion to exclude these convictions is granted.

CONCLUSION

For the foregoing reasons, plaintiff's motion to exclude his prior criminal convictions from being admitted into evidence is granted in part and denied in part. Specifically, plaintiff's prior conviction for first-degree burglary is admitted. All other prior convictions are excluded from evidence.

---

[2] A review of plaintiff's incarceration history on the New York Department of Corrections website indicates that plaintiff was released from prison in 2001 for the 1994 convictions, but remained on parole until September 26, 2002, less than ten years ago. However, "[t]he ten-year period begins to run at the time of the 'release of the witness from the confinement imposed' on that witness." Eng v. Scully, 146 F.R.D. 74, 78 (S.D.N.Y. 1993) (quoting Fed. R. Evid. 609(b)) (additional citation omitted). "The possibility of parole revocation does not affect this rule provided that the witness has been released from confinement." Eng, 146 F.R.D. at 78 (citing United States v. Daniel, 957 F.2d 162, 168 (5th Cir. 1992) (involving probation); see also Eng v. Blood, No. 9:04-CV-1146, 2008 U.S. Dist. LEXIS 54802, at *19 (N.D.N.Y. July 17, 2008) ("Plaintiff was released on parole in 1972, and thus Rule 609(b)'s exclusion applies because more than ten years has elapsed since his release from confinement imposed for that offense."). Accordingly, since plaintiff was released from incarceration in 2001, the 1994 convictions are more than ten years old as well.

**SO ORDERED:**

Dated:  Central Islip, New York
        January 18, 2011

                                        /s/ E. Thomas Boyle
                                        E. THOMAS BOYLE
                                        United States Magistrate Judge