UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LESLIE MAIZE,

                            Plaintiff,                              ORDER

   -against-                                                                        CV 05-4920 (ETB)

NASSAU HEALTH CARE CORPORATION,

                            Defendant.
------------------------------------------------------------------------X

       Before the Court is the plaintiff's motion in limine seeking to admit into evidence a September 11, 2000 letter (the "Findings Letter") from the United States Department of Justice ("DOJ") to the Nassau County Correctional Center ("NCCC") regarding certain conditions at the facility and a subsequent settlement agreement between the United States of America and Nassau County, dated September 12, 2006 (the "Settlement Agreement"). For the following reasons, plaintiff's motion is denied.

       Plaintiff asserts that the Findings Letter and the Settlement Agreement are admissible because they are public records, which are excepted from the hearsay rule under Federal Rule of Evidence 803(8). While plaintiff is correct that "'factual findings resulting from an investigation made pursuant to authority granted by law' are not excluded by the hearsay rule, 'unless the sources of information or other circumstances indicate lack of trustworthiness,' the admissibility of such evidence still depends on its relevance." Bonilla v. Jaronczyk, 354 Fed. Appx. 579, 582 (2d Cir. 2009) (quoting Fed. R. Evid. 803(8)(C)); see also Janetka v. Dabe, 892 F.2d 187, 191 (2d Cir. 1989) (affirming the district court's decision to exclude an investigative report from evidence and stating that "[b]efore reaching the issue whether the report qualified under the

public report exception to the hearsay rule . . . the district court properly considered its relevance").

The Court finds that the documents plaintiff seeks to have admitted have limited relevance to this action. The Findings Letter indicates that the investigation conducted by the DOJ occurred between April 1999 and September 2000, more than two years before plaintiff was incarcerated at NCCC. (Rothman Decl., Ex. A at 1.) Moreover, the Findings Letter - and the investigation conducted - includes numerous allegations and conditions[1] that do not address the claims asserted by plaintiff in this action (i.e., deliberate indifference to plaintiff's serious medical needs as a result of glaucoma). Nothing in the Findings Letter mentions eye care - or identifies any deficiencies in eye care treatment - and the "most common chronic diseases" identified in the Findings Letter are limited to "HIV, asthma, diabetes, hypertension and seizure disorders." (Id. at 12.)

With respect to the Settlement Agreement, it states that it is between the United States of America, Nassau County and the Nassau County Sheriff's Department. The Nassau Health Care Corporation, the sole defendant named in plaintiff's Amended Complaint, is not a signatory to the Settlement Agreement. (Rothman Decl., Ex. B.) Nor was it responsible for providing medical care to the inmates housed at NCCC at the time of the DOJ's investigation.[2] (Id. ¶ 5

---

[1] A large portion of the Findings Letter pertains to physical abuse of inmates, the use of security staff, identified as "medical technicians," to provide primary care to inmates and mental health care, none of which is relevant to the claims plaintiff asserts herein.

[2] A review of defendant Nassau Health Care Corporation's website indicates that although it appears to have been founded in 1997, its Board of Directors did not hold their first official meeting until September 29, 1999, after the DOJ's investigation into the conditions at NCCC had commenced. See www.nuhealth.net/about/our-history.asp (last visited Jan. 24, 2012).

("The parties acknowledge that the Nassau University Medical Center ("NUMC") provides medical care to inmates at the NCCC and that such care is provided pursuant to a contract with the NUMC which sets forth the terms and conditions of the relationship between the County of Nassau and its agencies and NUMC.")) In addition, the Settlement Agreement further states that it "does not constitute an admission by the defendants of the truth of the findings contained in the Findings Letter and does not constitute an admission of liability by the defendants." (Id. ¶ 4.) The Settlement Agreement further "acknowledge[s] that a number of the policies and/or procedures which [the] agreement addresses were implemented or in the process of being implemented prior to the issuance of the Findings Letter." (Id. ¶ 6.) Accordingly, many of the problems identified in the Findings Letter may very well have been corrected prior to plaintiff's confinement at NCCC. Based on the foregoing, the Court finds that the Findings Letter and the Settlement Agreement fail to meet the standard necessary for admission of relevant evidence under Federal Rule of Evidence 401. See Bonilla, 354 Fed. Appx. at 582 (affirming district court's decision to exclude the same DOJ Findings Letter plaintiff seeks to introduce here on the grounds that the "constitutional violations [identified in the report] did not implicate the facts of [plaintiff's] case or name any of the individual defendants").

Moreover, even if the Court were to conclude that the Findings Letter and Settlement Agreement are relevant, such evidence may still be excluded under Rule 403 if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Court finds that permitting the Findings Letter and the Settlement Agreement into evidence would prejudice defendant Nassau Health Care

Corporation since, as discussed above, it was not the medical provider at the time of the investigation and was not a party to the Settlement Agreement. Moreover, given that the Findings Letter discusses numerous conditions that are not relevant to the plaintiff's claims herein, and the Settlement Agreement acknowledges that many of the conditions identified were corrected prior to the issuance of the Findings Letter, admitting these documents into evidence creates the possibility of misleading the jury and confusing the issues for them. Accordingly, the Court finds that the Findings Letter and the Settlement Agreement should be excluded from evidence under Federal Rule of Evidence 403.

Based on the foregoing, plaintiff's motion to admit the DOJ's September 11, 2000 Findings Letter and the subsequent Settlement Agreement into evidence is denied.

**SO ORDERED:**

Dated: Central Islip, New York
January 24, 2012

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge